IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| MICHAEL M.,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY, Commissioner of Social Security.,<br><br>    Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:24-cv-00021-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Before the Court is a Reports and Recommendation[1] issued by United States Magistrate Judge Paul Kohler, filed on August 28, 2024, which recommends the Court affirm the Social Security Commissioner's decision to deny benefits to Plaintiff.  The parties were notified of their right to file objections to the Report and Recommendation within fourteen days of service.  On September 11, Plaintiff filed an Objection,[2] which the Court evaluates in detail below.

## DISCUSSION

Having reviewed all relevant materials, including the reasoning set forth in the Magistrate Judge's August 28 Report and Recommendation, the Court will overrule Plaintiff's Objection, adopt the Magistrate Judge's August 28 Report and Recommendation, and affirm the Commissioner's decision to deny Plaintiff's application for supplemental security income benefits.  In light of Plaintiff filing his objection, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 73;

---

[1] R. & R. (ECF No. 18).

[2] *See* Objection (ECF No. 19).

*Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.").  To trigger de novo review, objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation. Plaintiff asserts: (1) the Magistrate Judge incorrectly found the administrative law judge ("ALJ") properly evaluated the evidence related to Plaintiff's mental impairments, and (2) the Magistrate Judge incorrectly found the Appeals Council adequately addressed evidence submitted to it after the hearing before the ALJ.  Accordingly, the Court will conduct a de novo review to determine whether the ALJ's decision adequately accounts for evidence in the record, and whether the Appeals Council adequately addressed the post-hearing evidence.  In doing so, the Court is mindful of the standards governing review of the ALJ's decision.

The Court's review of the ALJ's decision is limited to determining whether his findings are supported by substantial evidence and whether the correct legal standards were applied. "*Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).  Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.  *Id.* at 1009–10.  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  *Richardson*, 402 U.S. at 390. The Court should evaluate the record as a whole, including the evidence before the ALJ that

detracts from the weight of the ALJ's decision. *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th

Cir. 1999). However, the reviewing court should not re-weigh the evidence or substitute its

judgment for that of the Commissioner. *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

I.   **Substantial evidence supports the ALJ's evaluation of Plaintiff's mental impairments**

Plaintiff contends the ALJ's decision contradicts and overlooks evidence in the record

because the ALJ did not mention evidence related to Plaintiff's difficulties interacting with

others, difficulties with hygiene, and response to medication. As mentioned previously, while

the ALJ is required to consider all of the evidence, "an ALJ is not required to discuss every piece

of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). Though Plaintiff

offers a number of items he expected or wanted the ALJ to discuss, Plaintiff does not identify

any statement by the ALJ that lacks substantial evidence to support it, nor does he identify any

legal requirement for the ALJ to address any particular piece of evidence Plaintiff references.

For example, the ALJ's statement that Plaintiff "did not allege any difficulties with

tending to his personal care and grooming needs," is supported by Plaintiff's responses during a

psychological examination performed by Dr. Christiane N. Paney,[3] his responses during a

medical examination performed by Dr. Grayson Dart,[4] and Plaintiff's Mother's evaluation.[5] All

of these records indicate Plaintiff reported no trouble with personal care or grooming. Given this

support, it is unclear why the ALJ would need to engage with a treating source noting he goes

---

[3] R. at 362.

[4] R. at 370 ("[Plaintiff] indicated he is able to get in and out of bed, dress and bathe himself.").

[5] R. at 274.

"way too long without a shower" and occasionally appears disheveled.[6]  The ALJ's statement concerns Plaintiff's self-reported (or Mother-reported) ability to perform self-care.  The treating source's statement makes observations about Plaintiff's appearance.

Perhaps more concerning, Plaintiff's argument contradicts the record in several respects. For example, Plaintiff asserts the "ALJ actually states, incorrectly, that [Plaintiff] has never been fired or laid off due to his problems interacting with others . . . ."[7]  This is not the ALJ's statement.  Instead, the ALJ wrote, "Ms. [Plaintiff's Mother] also stated that the claimant had never been fired or laid off from a job because of problems getting along with other people (Exhibit 3E, page 7)."[8]  The ALJ's statement is correct.  On a form completed by Plaintiff's Mother, she responded "No" to the question: "Has [Plaintiff] ever been fired or laid off from a job because of problems getting along with other people?"[9]  In another related argument, Plaintiff contends the ALJ failed to address Plaintiff's "difficulty making friends."   Not so.  The ALJ acknowledged that Plaintiff told Dr. Paney that he "has only a few friends and he does not do anything socially with friends and he wished he had more friends . . . ."[10]

In sum, Plaintiff does not identify any portion of the ALJ's decision that is unsupported by substantial evidence.  Based on the foregoing, the Court finds, on de novo review, the Magistrate Judge correctly found the ALJ's opinion adequately evaluated Plaintiff's mental impairments.  Thus, the Court adopts the recommendation of the Magistrate Judge.

---

[6] ECF No. 19 at 3.

[7] ECF No. 19 at 2.

[8] R. at 24.

[9] R. at 278.

[10] R. at 24.

II.     **The Appeals Counsel adequately addressed the post-hearing opinion from Dr. Romer**

Next, Plaintiff contends, "[t]he ALJ cannot suggest now that he would have found [Dr. Romer's opinion submitted to the Appeals Council] unpersuasive."[11]  This statement is somewhat confusing because the ALJ did not evaluate Dr. Romer's opinion.  Rather, the Appeals Council, who received it for the first time, declined to make it part of the record, stating:

> [Plaintiff] also submitted medical source statement from Laura Romer, MD, dated December 06, 2022 (2 Pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.[12]

There are two alternative bases on which to overrule Plaintiff's Objection on this point and adopt the Magistrate Judge's Report and Recommendation.

> a.   **Plaintiff did not argue, let alone demonstrate, good cause for failing to submit Dr. Romer's December 6, 2022 opinion to the ALJ**

First, Plaintiff's Motion seeking review appears to cite authorities that predate amendments to 20 C.F.R. § 404.970 in 2016, which provide that "new evidence submitted to the Appeals Council is no longer automatically included in the substantial evidence analysis." *Sewell v. Comm'r, SSA*, No. 20-1409, 2021 WL 3871888, at *5 (10th Cir. Aug. 31, 2021). Rather, the current regulations provide the Appeals Council might review a case when:

> Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

---

[11] ECF No. 19 at 4.

[12] R. at 2.

20 C.F.R. § 404.970(a)(5).  Paragraph (b) indicates, "[t]he Appeals Council will only consider

additional evidence under paragraph (a)(5) of this section if you show good cause" for not timely

submitting the evidence.  20 C.F.R. § 404.970(b).  Where a claimant "fail[s] to argue good cause

for not introducing the evidence earlier, the Appeals Council d[oes] not err in failing to review

the evidence."[13]  *Sewell v. Comm'r, SSA*, No. 20-1409, 2021 WL 3871888, at *5 (10th Cir. Aug.

31, 2021).  Plaintiff mostly ignores the legal standard applicable to the Appeal's Council's

refusal to include the evidence referred to in his Objection.

In his Reply to his Motion for review of the Commissioner's decision, Plaintiff asserted

the Commissioner's reference to good cause was "post-hoc rationalization[]."[14]  On the contrary,

---

[13] The regulation then provides a non-exhaustive list of circumstances that constitute good cause:

> (1) Our action misled you;
> (2) You had a physical, mental, educational, or linguistic limitation(s) that
> prevented you from informing us about or submitting the evidence earlier; or
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your
> control prevented you from informing us about or submitting the evidence earlier.
> Examples include, but are not limited to:
>> (i) You were seriously ill, and your illness prevented you from contacting us
>> in person, in writing, or through a friend, relative, or other person;
>> (ii) There was a death or serious illness in your immediate family;
>> (iii) Important records were destroyed or damaged by fire or other accidental
>> cause;
>> (iv) You actively and diligently sought evidence from a source and the
>> evidence was not received or was received less than 5 business days prior to
>> the hearing; or
>> (v) You received a hearing level decision on the record and the Appeals
>> Council reviewed your decision.

20 C.F.R. § 404.970.

[14] ECF No. 17 at 5.  Plaintiff claims the Court cannot consider good cause because the Appeals
Council did not specifically refer to good cause.  Yet in *Sewell*, the Tenth Circuit considered the
good cause requirement where the "Appeals Council acknowledged receipt of the evidence but

good cause is a necessary prerequisite for the Appeals Council to consider additional evidence.

Plaintiff points to no evidence in the record that could demonstrate good cause sufficient to

excuse Plaintiff's delay in presenting Dr. Romer's December 6, 2022 opinion to the ALJ prior to

the hearing on January 3, 2023.  Likewise, Plaintiff does not suggest he made any good-cause

argument to the Appeals Council.  No evidence of good cause, or argument supporting the same,

is apparent to the Court on its review.  Accordingly, Plaintiff has not shown any error on the part

of the Commissioner because the Appeals Council was not required to consider this evidence in

the absence of a showing of good cause.

### b. Even considering Dr. Romer's December 6, 2022 opinion as part of the record, the Commissioner's decision is supported by substantial evidence

Finally, even assuming, as the Magistrate Judge did, that Dr. Romer's December 6, 2022

opinion is properly considered as part of the record, the Court concludes the additional

information does not render the Commissioner's decision unsupported by substantial evidence.

In evaluating new evidence submitted to the Appeals Council, "[t]he district court's only option

[i]s to conduct a substantial-evidence review by assessing the entire agency record, including

[the] never-before assessed opinion." *Vallejo v. Berryhill*, 849 F.3d 951, 956 (10th Cir. 2017).

Dr. Romer's opinion offers little new material information.  In the first portion of his argument,

Plaintiff points out that the ALJ noted the absence of Dr. Romer's December 6, 2022 opinion by

stating, "there is no actual disability paperwork attached to this [December 6, 2022] visit."[15]  Of

---

otherwise denied review without substantive comment." 2021 WL 3871888, at *2.  Given the
Tenth Circuit's willingness to consider good cause when the Appeals Council offers no reason
for not considering the evidence, the Court finds it is appropriate to consider good cause where,
as here, the Appeals Council declines to review the evidence for a specific reason (i.e. lack of
probability the evidence will change the outcome).

[15] ECF No. 19 at 5 (quoting R. at 10).

course, this statement by the ALJ is unsurprising and indisputably correct. As a result of Plaintiff not submitting the evidence to the ALJ, the paperwork was not attached for the ALJ's review. Plaintiff does not explain how the ALJ's notation of the missing paperwork renders the ALJ's decision without substantial evidence. While the ALJ's opinion almost certainly would not contain this exact statement about the missing paperwork–had the paperwork been timely provided–Plaintiff must show that the ALJ's conclusions are undermined by the contents of the paperwork. With the exception of one conclusion addressed in detail below, Plaintiff does not offer these specifics. Plaintiff's general statement, that the opinion contained additional information about his "limitations that were not previously part of the record"[16] is not sufficient to show the ALJ's decision lacks substantial evidence to support it, even in light of the additional evidence submitted to the Appeals Council.

Plaintiff then suggests Dr. Romer's December 6, 2022 opinion undermines a statement the ALJ made about potential reasons Plaintiff missed appointments with Ms. Clarke. Specifically, Plaintiff refers to a portion of the December 6, 2022 opinion stating, in pertinent part, "appointment cancellations due to anxiety."[17] The ALJ noted that Dr. Romer's treatment records from "February 22, 2022[,] indicated that the claimant had not seen Ms. Clarke for 6-7 months and there was no indication that this was due to forgetfulness, extreme anxiety or panic attacks . . . ."[18] The Court finds the new evidence does not impact the ALJ's statement, which remains true even considering the Dr. Romer's December 6, 2022 opinion. Dr. Romer's

---

[16] ECF No. 19 at 5.

[17] R. at 77.

[18] R. at 30.

February 22 treatment notes do not  mention anxiety or forgetfulness.  Rather, they indicate

Plaintiff "is not currently in therapy, hasn't seen Sherry Clarke in 6–7 months."[19]  Dr. Romer's

December 6, 2022 opinion cannot change what is absent from the February 22 treatment notes.

Moreover, there is no indication the statement in Dr. Romer's December 6, 2022 opinion relates

to appointments with Ms. Clarke, nor any indication of the time frame Dr. Romer references, at

all.  Accordingly, the Court finds the ALJ's decision is supported by substantial evidence in the

record, even if that record includes Dr. Romer's December 6, 2022 opinion.

    In sum, Plaintiff does not identify any portion of the ALJ's decision that is unsupported

by substantial evidence.  Based on the foregoing, the Court finds, on de novo review, the

Commissioner's opinion is adequately supported.  Thus, the Court adopts the recommendation of

the Magistrate Judge in its entirety.

## ORDER

    Based on the foregoing, the Court OVERRULES Plaintiff's Objection, ADOPTS the

Magistrate Judge's August 28 Report and Recommendation (ECF No. 18), and AFFIRMS the

Commissioner's decision to deny Plaintiff's application for supplemental security income

benefits.

    DATED this 21st day of October 2024.

_____
Ann Marie McIff Allen
United States District Judge

---

[19] R. at 380.